# Waechter *v.* Second Avenue Traction Company.

198      129
19 SC 534

*Negligence—Street railways—Position of sudden danger—Motorman—Province of court and jury.*

In an action against a street railway company to recover damages for the death of plaintiff's wife, the case is for the jury where the evidence shows that the plaintiff and his wife were driving a buggy on the west-bound track of defendant's railway, that the horse became frightened by the whistle of a locomotive, and shied on to the east-bound track where it ran for some distance; that the plaintiff's wife made signals of distress in plain view of a motorman on a car on the east-bound track, and that the motorman without slackening the rapid speed of his car, although having ample space to do so, ran into the buggy and killed the woman.

*Negligence—Damages—Death of wife.*

In an action to recover damages for the death of plaintiff's wife caused by negligence, the trial judge cannot be convicted of error in charging the jury, without elaboration, that it could give the plaintiff only the money value of the wife's life to him, unaffected by sentimental consideration.

Argued Oct. 23, 1900. Appeal, No. 90, Oct. T., 1900, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. Term, 1897, No. 238, on verdict for plaintiff in case of Christ Waechter v. Second Avenue Traction Company. Before Mc-COLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for death of plaintiff's wife.

At the trial it appeared that on April 25, 1897, plaintiff and his wife were driving a buggy on the west-bound track of defendant's railway on Second avenue in the city of Pittsburg. The horse became frightened by the whistle of a locomotive and shied on to the east-bound track, where it ran for some distance. The wife made signals of distress in view of a motorman of a car approaching on the east-bound track. The motorman did not slacken the speed of his car which was going at a rapid rate, although he had ample opportunity to do so, and the buggy was struck and the woman killed.

The court charged in part as follows:

[But if the motorman saw this party coming down that track, if he saw, either that the horse was keeping to the left hand track, that is, the track towards the river, the track on which he was, or that the horse was swaying back and forth to that track, and that he might happen to be there at the time he got up with his car, and if he saw that the horse was not in control of the driver of the buggy, then it would be evidence of negligence; it would be negligence for him to drive his car right on and run into him, as a matter of course.] [2]

[If you find that it did, then you come to the matter of damages, and that is simply a matter of dollars and cents. You can only give to this man the money value of his wife's life to him. Of course, it is somewhat difficult for you to determine what that is. You have, however, the circumstances in life of these parties, you have the age of the parties—perhaps not the age of the husband, but you have the husband before you—you see what sort of a man he is, you have the age of the wife. What is the money value of her life to him? It is not a question of sentiment; it is a question of pecuniary compensation. I can give you very little aid. You must, of course, be cautious and conservative; you must not allow yourselves to be carried away by any considerations which are not proper in the case; but in the exercise of a calm judgment, determine what the damages should be, if you conclude, under the instructions that I have given you, that damages should be awarded in this case.] [3]

Defendant presented this point:

Under the pleadings and evidence in this case, the verdict must be for the defendant. *Answer:* Refused. [1]

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*George E. Shaw*, with him *P. C. Knox* and *James H. Reed*, for appellant.—The evidence does not establish negligence and the court should have affirmed the defendant's request to instruct the jury to find for the defendant: Yingst v. Lebanon, etc., Ry. Co., 167 Pa. 438; Hestonville, etc., R. R. Co. v. Kelley, 102 Pa. 120.

The court erred in its charge to the jury as to what constituted negligence in this case: Phillips v. People's Pass. Ry. Co., 190 Pa. 222.

The court erred in its instruction to the jury upon the measure of damages: Kelley v. Mayberry Twp., 154 Pa. 440.

*George H. Stengel*, with him *Thomas M. & Rody P. Marshall*, for appellee.—This is not such a case as requires plaintiff to establish unreasonable speed: Harkins v. Pittsburg, etc., Traction Co., 173 Pa. 149.

It is the duty of the passenger railway companies to exercise such watchful care as will prevent accidents or injuries to persons who, without negligence on their own part, may not at the moment be able to get out of the way of a passing car: Gilmore v. Federal St., etc., Pass. Ry. Co., 153 Pa. 31; Thatcher v. Central Traction Co., 166 Pa. 66; Hestonville, etc., R. R. Co. v. Kelley, 102 Pa. 120; Phillips v. People's Pass. Ry. Co., 190 Pa. 222.

Life by law has a value for the loss of which the survivors have a right to be compensated, in view of its circumstances: Penna. R. Co. v. Keller, 67 Pa. 300.

PER CURIAM, January 7, 1901:

Appellant's first and only point presented for the consideration of the court was that "under the pleadings and the evidence in this case the verdict must be for the defendant." A denial of the point by the court resulted in assignment of error

number one, and it was followed by assignments numbers two and three which were founded on excerpts from the charge. The substance of the matters complained of in the assignments was that the evidence did not establish negligence on the part of the defendant, and that the charge relating to the measure of damages was inadequate. Notwithstanding the defendant's assignments we fail to detect any error in the refusal of the court to affirm the only point presented for its consideration, or anything in the excerpts from the charge which can be characterized as erroneous instructions.

Judgment affirmed.