# Byrne *v*. Montgomery & Chester Electric Railway, Appellant.

*Negligence—Street railways—Killing of horse.*

In an action against a street railway company to recover damages for the loss of a horse, the case is for the jury where the rider of the horse, although contradicted by four other witnesses, and not corroborated, testified that he was riding the horse on a street where the defendant operated an electric railway, that the horse ran sideways upon the track when a car which afterwards struck the horse, was at a distance of at least 120 feet away, and that although the rider was making every effort to get off the track, in full view of those who were operating the car, the car, notwithstanding the peril of the horse and rider, was permitted to run them down, although it might have been stopped within forty feet.

Argued Nov. 20, 1901.   Appeal, No. 87, Oct. T., 1901, by defendant, from judgment of C. P. Chester Co., Oct. T., 1900, No. 30, on verdict for plaintiff, in case of Thomas F. Byrne v. Montgomery and Chester Electric Railway Company.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Trespass for loss of horse.   Before BUTLER, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $125.   Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*H. H. Gilkyson*, for appellant.—This case is ruled by a number of recent cases, in many of which the facts are very similar; some of these are as follows: Ehrisman v. Harrisburg City Pass. Ry. Co., 150 Pa. 180; Yingst v. Lebanon, etc., Street Ry. Co., 167 Pa. 438; Moss v. Philadelphia Traction Co., 180 Pa. 389; Smith v. Traction Co., 187 Pa. 110; Smith v. Railway Co., 187 Pa. 451; Kern v. Traction Co., 194 Pa. 75; McCauley v. Traction Co., 13 Pa. Superior Ct. 354; Cupps v. Traction Co., 13 Pa. Superior Ct. 630; Dix v. Railway Co., 15 Pa. Superior Ct. 350; Morrow v. Railway Co., 199 Pa. 156; Tyson v. Traction Co., 199 Pa. 264.

*J. Frank E. Hause*, for appellee.—The case falls directly within the ruling of the Supreme Court in Waechter v. Traction Co., 198 Pa. 130.

Opinion by W. D. Porter, J., March 14, 1902:

This action was brought to recover the value of a horse, which had to be killed because of injuries it had sustained from being struck by one of the defendant company's cars. The horse was being ridden by plaintiff's son, a boy seventeen years of age, who was used to handling horses and had frequently ridden that particular animal. The rider testified that he had been riding the horse along the track of the defendant company, and hearing a car approaching from behind he looked back and saw it, at about the distance of 900 feet, coming towards him; he turned the horse from the track to the street at the right-hand side thereof and continued to ride slowly along the street for the distance of about 250 feet; that the horse then, for some reason which the rider did not understand, ran sideways back on to the track; that the witness looking over his shoulder saw the car coming towards him at the distance of between 120 and 150 feet; that he pulled the reins and kicked the horse in the flanks, endeavoring to get off the track, but that the animal would not go off the track at once, and walked along slowly for about twenty feet, at which time the front feet of the horse were outside of the track and the hind feet between the rails; that the car then struck the horse so violently as to knock it down and throw the driver over its head, inflicting upon the horse injuries so great that it had to be destroyed. This testimony, it is true, was contradicted by four witnesses, two of whom were disinterested, all of whom testified that the horse ran upon the track immediately in front of the car and in such a manner as to make the collision unavoidable. Here was a direct contradiction upon a matter which was vital to the right of plaintiff to recover. If the testimony of the four witnesses was true there was no negligence upon the part of those operating the car and the verdict ought to have been for the defendant. If, on the other hand, the boy who was uncorroborated told the truth the horse ran sideways upon the track when the car was at the distance of at least 120 feet, and although the rider was making every effort to get off the track, in full view

of those operating the car, the car, notwithstanding the peril of the horse and rider, was permitted to run them down. The motorman who was operating the car testified that he could have stopped the car within forty feet. There was, therefore, positive evidence that the horse and rider had been in a position of peril upon the track in full view of those operating the car, which could have been stopped within forty feet but was permitted to run 120 feet when it knocked them from the track. The weight of the evidence may have been with the defendant, and had the court below granted a new trial such an order would have involved no abuse of discretion, but the defendant did not move for a new trial. The evidence being conflicting it was for the jury to find the facts and to determine the inferences which reasonably arose from them. The evidence of the rider of the horse, if uncontradicted, would have justified a finding that the motorman ought to have seen that the rider and horse were in a position of peril, that the rider was making every effort to get the horse off the track and that he might not be able to do so until the car reached him, and that the motorman, with the situation clearly in his view, permitted his car to run 120 feet and come into collision with the horse. It being admitted that the motorman could have stopped the car within forty or fifty feet, the question of the negligence of the defendant company was for the jury. In that part of the charge which is the subject of the first specification of error the learned judge charged the jury that no negligence had been shown, unless they were satisfied from the evidence that in the exercise of reasonable care the motorman could have recognized that Byrne, when his horse went upon the track, was in peril, might not be able to leave the track, and they were further satisfied that his peril being thus apparent the collision occurred because of the failure upon the part of the motorman to make due effort to stop the car. In other portions of the charge the jury were instructed that if they believed the testimony of the other witnesses there could be no recovery ; that unless the situation was such as was calculated to give the motorman notice that Byrne might not be able to leave the track there was on him no duty to stop the car and his failure to stop it would not be negligence, and the whole tenor of the charge was such as to clearly impress upon the minds of the jury that unless the horse ran upon the

track at a sufficient distance in front of the car to give the motorman reasonable time to stop the car after he ought to have seen the peril of the situation, there could be no recovery. There being no evidence indicating negligence or lack of attention upon the part of the rider in failing to prevent the horse running sideways on to the track and thus bringing about the perilous position, there was nothing which would have warranted the court in saying as matter of law that the rider had been guilty of contributory negligence. The horse running upon the track produced the peril of the situation, whether the motorman ought to have discerned and avoided the peril was under the evidence in this case a question for the jury : Waechter v. Second Avenue Traction Company, 198 Pa. 129.

The judgment is affirmed.